JUDGE PETERS
delivered the opinion of the court.
Before appellant can take the land of appellee for its road-bed it must make just compensation to him for it. This right is secured to him by the constitution; and it is not pretended that any compensation has ever been made to him for his land.
*146 But it is contended that as appellee permitted the Henderson & Nashville road to enter on his land, and do some work under a promise by it to have his damages assessed and pay the same, that he was thereby deprived of the right to his land, although the corporation violated its promise, and never paid him one dime for his land.
In answer to that argument it is sufficient to say that real estate can not be acquired by that mode in this state.
If the appellant failed to secure the right from appellee to construct the road over his land, it has no just cause to complain if it is made to account for an illegal entry on land to which it has no right.
We perceive no error in the proceedings in the court below prejudicial to appellant.
Wherefore the judgment is affirmed.